HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES WILLIAM HECKMAN,<br><br>   Plaintiff,<br><br>   v.<br><br>U.S. DEPT. OF THE INTERIOR, DIRK KEMPTHORNE, Secretary, et al.,<br><br>   Defendants. | No. 3:08-cv-05239 RBL<br><br>ORDER ON MOTION TO DISMISS [Dkt. #23] |

This matter is before the Court on Defendants' Motion to Dismiss [Dkt. #23]. Defendants move the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 4(i) and 4(m) because service was not completed within 120 days of the filing of the complaint. Plaintiff argues that he had good cause for his failure to effect service.

On May 7, 2008, Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff subsequently filed his Complaint on May 8, 2008. When a Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915, the court may direct the service to be effected by a United States Marshal. Fed. R. Civ. P. 4(c)(2). Our docket indicates that the Marshal forms were received by this court and sent to the Marshal on May 21, 2008. Plaintiff stated that he contacted the court several times regarding the status of service. When service had not been completed, the clerk issued Plaintiff new summonses, and Plaintiff served the summonses via certified mail on January 20, 2009. Plaintiff did not send a copy to the United States Attorney. The United States Attorney was served on March 15, 2010.

ORDER - 1

Plaintiff's service was not timely, but the court may extend service for an appropriate period when good cause is shown. Fed. R. Civ. P. 4(m). The relevant portion of Fed. R. Civ. P. 4(m) reads as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court…shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

Plaintiff attempted to effect service through the U.S. Marshals, as he was entitled to as a plaintiff proceeding *in forma pauperis*. When Plaintiff found out the documents had not been served, he took steps to do so himself. The Ninth Circuit has held that good cause was shown for failure to timely effect service when an incarcerated pro se plaintiff proceeded *in forma pauperis*, provided the Marshal with the necessary information to help effectuate service, and the U.S. Marshal failed to properly serve the documents. *See Puett v. Blanford*, 912 F.2d 270, 275, 276 (9th Cir. 1989). Although *Puett* involved an incarcerated plaintiff, Plaintiff Heckman also made a good faith effort when he submitted the necessary forms to this court, followed up on the status of the service, and took steps to complete service himself when he found out it had not been completed.

At this time, all parties have been served and have notice of this action. This case will proceed on the merits.

Defendants' Motion to Dismiss is DENIED.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2010.

*Ronald B. Leighton* (signature)

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER - 2