HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLES WILLIAM HECKMAN,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPT. OF THE INTERIOR, DIRK KEMPTHORNE, Secretary, et al.,<br><br>Defendants. | No. CV08-5239RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Dkt. #37] |

THIS MATTER is before the Court on the Defendants' Motion to Dismiss, or, alternatively, for Summary Judgment. [Dkt. #37]. Plaintiff is a decorated Vietnam Veteran, a published author, and an experienced pilot. He holds a Ph.D. in biology. It is undisputed that he is an accomplished scientist.

Mr. Heckman filed this action pro se, asserting a variety of claims arising out of his termination from employment as a Fisheries Biologist with the United States Forest Service (an agency of the Department of Agriculture) in 1999. It also arises from his apparent inability to find federal government employment since that time, despite his qualifications and his status as a veteran.

This is the fourth time that Mr. Heckman has pursued claims arising from these general facts. Mr. Heckman challenged his 1999 termination and an Administrative Law

ORDER - 1

Judge upheld it. He filed a petition for review by the Merit System Protection Board (MSPB), alleging violations of the Uniformed Services Employment and Reemployment Rights Act (USERRA), the Veterans Employment Opportunities Act (VEOA) and the Whistleblower Protection Act (WPA). The MSPB upheld the termination, and Plaintiff appealed to the Federal Circuit. In a decision dated August 11, 2003, that Circuit affirmed the decision upholding the termination. *See* 73 Fed.Appx. 409, 2003 WL 21920167 (C.A. Fed.).

Mr. Heckman also pursued a civil action in this court, which he filed in April 2000, arising out of these same facts. That case, *Heckman v Department of Agriculture*, CV00-5232FDB, was Stayed pending the Federal Circuit's review of MSPB decision. On February 5, 2004, following the Federal Circuit's decision, this Court (Judge Franklin D. Burgess) dismissed the 2000 Western District of Washington case with prejudice. *See* Dkt. #45 in *Heckman v Department of Agriculture*, CV00-5232FDB.

Mr. Heckman appealed that decision to the Ninth Circuit. He apparently dismissed that appeal voluntarily after his application to appeal in forma pauperis was denied. *See* Dkt. #69 in *Heckman v Department of Agriculture*, CV00-5232FDB.

Plaintiff filed yet another litigation alleging these same facts and claims on July 30, 2004. *See Heckman v State of Washington and United States Department of Agriculture*, Cause No. CV04-5447RJB. Mr. Heckman also alleged in that case that the Washington State Department of Ecology had failed to hire him, at least in part because of information it had received from the Forest Service about Mr. Heckman's suitability as an employee. Mr. Heckman asserted a wide variety of Constitutional and state law claims, as well as RICO claims and claims under the Privacy Act (5 U.S.C. §552(a)).

ORDER - 2

In a lengthy and detailed Opinion, this Court (Judge Robert J. Bryan) Granted the Defendants' respective Motions to Dismiss and/or for Summary Judgment, and dismissed the complaint with prejudice. *See* Dkt. # 40 in *Heckman v State of Washington and United States Department of Agriculture*, Cause No. CV04-5447RJB.

The Ninth Circuit affirmed this decision on May 18, 2006. *See* Dkt. # 47 in *Heckman v State of Washington and United States Department of Agriculture*, Cause No. CV04-5447RJB.

Plaintiff filed the current action in 2008. As the Defendants argue, his claims are a reiteration and re-characterization of the claims that have been uniformly rejected by all prior courts reviewing them. The only "new" allegation is that he has been unable to procure federal employment between 2003 and 2007, specifically from the United States Geological Survey (USGS), an agency of the Department of the Interior. He attributes this failure to a conspiracy among various federal agencies and employees.

Defendants seek Dismissal of these claims under Fed. R. Civ. P. 12(b)(6) and/or Summary Judgment under Rule 56. They argue that Plaintiff's allegations related to his Forest Service termination are barred by res Judicata and /or collateral estoppel, and that his more recent allegations about his failure to find new employment fails to state a claim. Specifically, they argue that Plaintiff has not shown and cannot demonstrate that he pursued any of the required administrative processes for jobs he claims he did not get.

Plaintiff responds that the prior adjudications of his claim were tainted by fraud and that the Courts hearing them did not have jurisdiction. He does not provide any additional evidence that he pursued any administrative remedies seeking to redress any agency's failure to hire him between 2003 and 2007.

**Discussion.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*).

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there

is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

The doctrine of res judicata (also known as claim preclusion) bars litigation where a prior judgment concerns the same "(1) subject matter; (2) cause of action; (3) persons and parties; and (4) the quality of the persons for or against whom the claim is made." *Seattle-First Nat'l Bank v. Kawachi*, 91 Wn.2d 223, 225-26, 588 P.2d 725 (1978). Res judicata "is intended to prevent piecemeal litigation and ensure the finality of judgments." *Landry v. Luscher*, 95 Wn. App. 779, 783, 976 P.2d 1274 (1999). Res judicata applies to matters actually litigated as well as those that "could have been raised, and in the exercise of reasonable diligence *should have been raised*, in the prior proceeding." *Kelly-Hansen v. Kelly-Hansen*, 87 Wn.App. 320, 328-329, 941 P.2d 1108 (1997) (emphasis added).

Four factors are considered when determining whether successive lawsuits involve the same "cause of action": (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two actions involve infringement of the same right; and (4) whether the two actions arise out of the same

transactional nucleus of facts. *Littlejohn v. U.S.*, 321 F.3d 915 (9th Cir. 2003), cert. denied, 540 U.S. 985 (2003).

The Plaintiff's allegations about and claims arising from his termination from the Forestry Service have been repeatedly adjudicated, and the rights established in those proceedings are directly implicated by Plaintiff's current lawsuit. His attempts to re-litigate those claims are barred by res judicata.

The Plaintiff's new allegations about his inability to find employment in the federal government between 2003 and 2007 are far too vague to survive the Defendants' Rule 12(b)(6) challenge, and, in response to the Defendants' Motion for Summary Judgment on them he has failed to adduce any evidence in support of them. He has not met his summary judgment burden as a matter of law. Defendants' Motion for Summary Judgment [Dkt. #37] is therefore GRANTED, and Plaintiff's claims are DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2010.

ROBERT J. BRYAN for
Ronald B. Leighton
United States District Judge